# CHARLESTON.

ALEXANDER *v.* TILTON.

Submitted January 27, 1914.   Decided April 7, 1914.

REVIEW—*Bill of Review—Demurrer—Dismissal.*

A bill of review to review prior decrees for alleged errors of law which do not appear on the face of the record, and also for after discovered evidence which is not shown by the bill, and no re sons given why such supposed evidence was not discovered befoie final decree entered and produced before trial, is properly dismissed on demurrer.

Appeal from Circuit Court, Pocahontas County.

Suit by Dwight Alexander and others against T. G. Tilton and others. Decree for defendants, and plaintiffs appeal.

*Affirmed.*

*N. C. McNeil* and *Holt & Duncan,* for appellants.

*F. R. Hill,* for appellees.

MILLER, PRESIDENT:

This is an appeal by Dwight Alexander and the Alexander Mill & Supply Company, from a decree dismissing on demurrer their so called bill of review to review three certain decrees, one of June 9, 1910, one of July 5, 1910, and the other of October ——, 1910, pronounced, the first in term time, the second in vacation on motion of appellants, the third in term time, on motion of defendant, to correct that of July 5, 1910, as inconsistent with the award of the arbitrators, in the two

consolidated causes of *Alexander Mill & Supply Company* v. *L. M. McClintic, Trustee, and others,* and of *Dwight Alexander* v. *J. G. Tilton,* pending in the circuit court of Pocahontas County.

We think the decree appealed from was and is clearly right and should be affirmed. It is conceded that the decree of June 9, 1910, was a final decree, pronounced on the award of arbitrators, which by agreement of the parties, referring to them all matters in difference, was to be final and entered up as the decree of the court. So far as we can see, and certainly in so far as the rights of either of the plaintiffs and appellants in the bill of review are concerned, that decree was substantially according to the findings and report of the arbitrators; and in so far as the vacation order of July 5, 1910, which was clearly void for want of jurisdiction, introduced confusion or error, it was induced by the action of appellants, and they cannot complain; and since by the subsequent decree of October, 1910, the decree of July 5, was wholly set aside, there is nothing left for appellants to complain of in that decree. It is said, however, that the decree of October, undertook to correct or change the original decree of June 9, 1910, and is for this reason erroneous. But in what particular that decree changed materially the award or the decree confirming it is not pointed out in the bill of review and we find nothing. There may be a little change as to costs, not covered by the award, but this is not pointed out or complained of.

The theory of the order of July 5, 1910, and of the bill of review seems to have been that the findings of the arbitrators, based on a report made by Tilton, pursuant to notice by appellants, did not report all the property owned by the co-partnership composed of Tilton and Alexander. That there is any such additional property is controverted, and the bill of review does not allege what property it is, appellants' claim was not covered by the report of the arbitrators, nor is it alleged that such property, if any, was not known to appellants at the time of the decree or at the time the matters in controversy were before the arbitrators for settlement, nor that the evidence of such additional property, if any, was discovered since the decree and could not have been discovered by due diligence before the decree was pronounced.

We find no error of law or fact correctible by bill of review, otion or otherwise, and the decree appealed from will, there-re, be affirmed.

*Affirmed.*